UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

TYSON ARTHUR HANCOCK,

Plaintiff,

v.

UNION COUNTY; SHERIFF BOYD
RASMUSSEN; TAD BUTCHER;
COMMANDER LORI LUCAS; JOHN
DOE JAIL NURSE,

Defendants.

Case No. 2:16-cv-00815-AA

OPINION AND ORDER

AIKEN, District Judge:

Plaintiff, a former inmate at the Union County jail, filed suit pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs and interference with his legal mail. Defendants now move for summary judgment on all claims under Federal Rule of Civil Procedure 56. For the reasons set forth below, defendants' motion is granted.

BACKGROUND

Plaintiff has Type I Diabetes. On April 1, 2015, plaintiff was booked into the Union County jail as a pretrial detainee on pending charges. Lucas Decl. at 2. His blood glucose levels

1 — OPINION AND ORDER

were above normal, dropped over night, and began to rise the next day. Cary Decl. at 2. On the evening of April 2, 2015, plaintiff was given Humulin, a long-acting insulin, which staff administers in two 12-hour doses. *Id.* On April 3, 2015, medical staff started a Diabetic Flow Sheet to track plaintiff's blood glucose levels and insulin dosages. *Id.* at 3 & Ex. 2.

During his approximate seven-week incarceration, plaintiff was permitted to self-administer Humulin, test his blood glucose levels at any time, and take regular-acting insulin between the Humulin doses. *Id.* Further, at plaintiff's request, he was provided with glucose tablets for emergencies and allowed a late-night sandwich to eat between the dinner and breakfast meals. *Id.*

On May 1, 2015, plaintiff filed a grievance related to his diabetes medication. Lucas Decl. at 3. On May 6, 2015, the Sheriff's Office responded and recounted staff efforts to control plaintiff's blood glucose levels. Lucas Decl. at 3 & Ex. 8.

On May 18, 2015, plaintiff was released from the jail. *Id.* at 2.

On November 4, 2015, plaintiff again was booked into the Union County jail at approximately midnight. Lucas Decl. at 2. Medical staff tested his blood glucose level found it to be very high. From his home, Nurse Cary authorized an immediate insulin injection which normalized plaintiff's blood glucose levels. Cary Decl. at 3 & Ex. 3. Subsequently, plaintiff's blood glucose levels dropped further and he was given a sandwich. *Id.*

Medical staff again prepared a Diabetic Flow Sheet to track plaintiff's blood glucose levels and insulin dosages. *Id.* at 3-4 & Ex. 4. Plaintiff was given blood glucose testing at his request and regular-acting insulin between Humulin doses. *Id.* at 4. He also was provided with glucose tablets for emergencies and a sandwich between the dinner and breakfast meals. *Id.*

On December 11, 2015, plaintiff was released from the jail on his own recognizance. Lucas Decl. at 2. On December 18, 2015, plaintiff was against booked into the jail. *Id.*

On April 29, 2016, plaintiff filed a grievance and complained that his legal mail was returned to him for insufficient postage. The Jail Commander responded and explained to plaintiff that his mail was required to comply with postage allocated on the envelopes and that his legal mail to the courts was delivered free of charge. *Id.* at 4 & Ex. 9.

On July 15, 2016, plaintiff was released from the jail. *Id.* at 2.

## DISCUSSION

In his complaint, plaintiff alleges the following claims for relief: deliberate indifference to his serious medical needs based on defendants' failure to provide adequate medication for his diabetes in March and November 2015 (Claims 1 and 2); deliberate indifference based on defendants' failure to provide and prepare meals appropriate for a diabetic (Claims 3 and 5); and interference with his legal mail (Claim 4). (ECF No. 2) Defendants contend that plaintiff failed to exhaust his administrative remedies with respect to several claims and that plaintiff's claims fail on the merits. To prevail, defendants must show that there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must construe the evidence and draw all reasonable inferences in the light most favorable to plaintiff. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

A. Exhaustion

Under the Prison Litigation Reform Act (PLRA), inmates must exhaust all available administrative remedies before filing a court action to redress prison conditions or incidents. 42 U.S.C § 1997e(a). The exhaustion requirement is mandatory and requires compliance with both

3 — OPINION AND ORDER

procedural and substantive elements of prison grievance processes. *Woodford v. Ngo,* 548 U.S. 81, 90 (2006). In other words, inmates must complete the administrative review process and comply with all applicable procedural rules, including deadlines, by appealing a grievance decision to the highest level before filing suit. *Jones v. Bock,* 549 U.S. 199, 218 (2007). However, the PLRA does not require exhaustion when administrative remedies are "effectively unavailable." *Sapp v. Kimbrell,* 623 F.3d 813, 823 (9th Cir. 2010). Rather, an administrative remedy must be available "as a practical matter" and "capable of use" by the inmate. *Brown v. Valoff,* 422 F.3d 926, 937 (9th Cir. 2005); *see, e.g., Marella v. Terhune,* 568 F.3d 1024, 1027 (9th Cir. 2009) (per curiam) (administrative remedies may be effectively unavailable where the prisoner lacks the necessary forms or is informed that he cannot file a grievance).

The Union County jail has a five-step grievance process. Lucas Decl. at 3 & Ex 7. First, the inmate must verbally attempt to resolve the issue with a floor deputy or the jail nurse before filing a grievance. If the staff member cannot resolve the issue, the inmate may request and submit a Grievance Form within three days of the event in question. The Jail Corporal must respond to the grievance in writing within five business days. If the issue is not resolved by the Corporal, the Grievance Form is forwarded to the Jail Commander who must answer within five business days. If the Jail Commander cannot resolve it, the Grievance Form follows the chain of command, ending with the Union County Sheriff. *Id.*

Defendants maintain that plaintiff did not submit a Grievance Form related to his medical care during his November 4, 2015 to December 11, 2015 detention. Lucas Decl. at 4. Similarly, defendants contend that plaintiff did not submit Grievance Forms related to nutrition or food preparation at any time. *Id.* Plaintiff does not dispute defendants' assertions, and the evidence he has submitted supports defendants' assertions. *See* Pl.'s Suppl. (ECF No. 27) (copies of

4 — OPINION AND ORDER

Grievance Forms). Further, plaintiff does not contend that the grievance process was unavailable to him. Accordingly, Claims 2, 3, and 5 are barred for failure to exhaust.[1]

B. Medical Care

Plaintiff alleges that he was not provided adequate treatment for his diabetes during his detention beginning in March 2015. Compl. at 4. However, plaintiff was not confined at the Union County jail until April 1, 2015. Lucas Decl. at 2. Accordingly, the court reviews plaintiff's medical care during his detention from April 1, 2015 to May 18, 2015.

Plaintiff's claim of deliberate indifference to his serious medical needs is evaluated under the Fourteenth Amendment because he was a pretrial detainee. *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1312, *as amended on denial of reh'g*, 75 F.3d 448 (9th Cir. 1995) (stating that the "convicted inmates' challenge is evaluated under the Eighth Amendment, and the pretrial detainees' challenge is evaluated under the Fourteenth Amendment"). To defeat summary judgement, plaintiff must present evidence showing: 1) the existence of "a serious medical need"; and 2) deliberate indifference on the part of defendants. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).[2]

Deliberate indifference under the Fourteenth Amendment is shown when a prison official knew or should have known that a detainee faced a "substantial risk of serious harm" and failed to take reasonable measures to abate the risk. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *see*

---

[1] Even if these claims were exhausted, they fail on the merits. For the reasons explained below, plaintiff's medical care did not constitute deliberate indifference to his serious medical needs. *See* Cary Decl. & Exs. 3-4. Further, defendants maintain that the jail provided plaintiff with a balanced, nutritional diet approved by a licensed dietician for diabetic patients due to its low sugar and balance of proteins. Lucas Decl. at 4 & Ex. 10. Plaintiff does not dispute this fact.

[2] "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Doty v. Cnty. of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994) (citation omitted). Defendants do not dispute that plaintiff's diabetes is a serious medical need.

5 — OPINION AND ORDER

*also Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1070-71 (9th Cir. 2016) (en banc), *cert denied, Los Angeles Cnty. v. Castro*, 137 S. Ct. 831 (2017).[3] Prison officials may demonstrate deliberate indifference by denying, delaying, or intentionally interfering with medical treatment, or by the manner in which they provide medical treatment. *Jett*, 439 F.3d at 1096; *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002). Here, the record clearly shows that defendants were not deliberately indifferent to plaintiff's medical needs.

Defendants closely monitored plaintiff's diabetic condition throughout his incarceration at the Union County Jail. Medical staff monitored his blood glucose levels, administered insulin, allowed plaintiff to self-monitor and self-administer insulin, and provided plaintiff with glucose tablets and between-meal snacks. Plaintiff even admitted in May 2015 that he felt "good and healthy." Cary Decl. & Exs. 1-4; Lucas Decl. at 4 & Ex. 10. Even if the record could be construed as reflecting a difference of opinion between plaintiff and medical staff regarding the best course of treatment, allegedly inadequate treatment due to differences in judgment between an inmate and medical personnel does not rise to the level of a constitutional violation. *Gamble*, 429 U.S. at 105-06. Given the undisputed facts of record, no genuine issue of fact precludes summary judgment on plaintiff's claims for relief alleging deliberate indifference to his medical needs.

---

[3] The Eighth Amendment standard for deliberate indifference includes a subjective element; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. However, the Ninth Circuit has held that deliberate indifference under the Fourteenth Amendment differs and does not require pretrial detainees to establish subjective intent or awareness when alleging failure-to-protect claims. *Castro*, 833 F.3d at 1068-71 (discussing *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015)). The Ninth Circuit has not indicated whether the "objective" deliberate indifference test applies to pretrial detainee claims of inadequate medical treatment, and I consider both standards. Regardless, "any possible divergence" from the subjective Eighth Amendment standard does not affect my decision in this case. *Anderson*, 45 F.3d at 1313, n.1.

C. Legal Mail

Plaintiff also alleges that Jail Commander Lucas interfered with his legal mail three times by returning his mail for insufficient postage. Compl. at 7. On April 26, 2016, plaintiff filed a Grievance Form related to his mail. Lucas Decl. at 4 & Ex. 9. Lucas responded that his mail was "too thick - way over limit." *Id.* Lucas also informed plaintiff that the jail would send his local legal mail to the court and would mail his indigent legal mail without charge. *Id.*

Plaintiff did not explain what type of mail was returned to him, aside from describing it as "legal" mail addressed to the Attorney General, "Attorney Defense Council Commission," the Oregon State Bar Association, the Ninth Circuit, and the Oregon Health Authority. Compl. at 7. However, a prison need not treat all mail sent to government agencies and officials as legal mail. *See O'Keefe v. Van Boening*, 82 F.3d 322, 326 (9th Cir. 1996). To the extent plaintiff alleges a violation of his right of access to the courts, plaintiff must allege an actual injury arising from defendants' actions; namely, that defendants' conduct hindered a non-frivolous legal claim. *Lewis v. Casey*, 518 U.S. 343, 351-53 (1996). Plaintiff makes no such allegation. Therefore, no genuine issue of material fact precludes summary judgment.

## CONCLUSION

Defendants' Motion for Summary Judgment (ECF No. 29) is GRANTED.

IT IS SO ORDERED.

DATED this 5th day of October, 2017.

_____
Ann Aiken
United States District Judge

7 — OPINION AND ORDER